IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff,** v. FRANKIE TORRES-COLÓN, **Defendant.** | CRIM. NO. 02-411 (SCC) |

**OPINION AND ORDER**

Pending before the Court is Defendant Frankie Torres-Colón's Motion for Compassionate Release pursuant to 18 U.S.C. 3582(c)(1)(A)(1)(i). *See* Docket No. 139. Defendant also requests appointment of counsel for purposes of this petition for reduced sentence. *See id.* The Government opposed, arguing that Defendant has failed to meet the requirements under that statute. *See* Docket No. 146. For the reasons stated herein, Defendant's Motion for Compassionate Release is denied.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, a court may not modify a final sentence unless the Bureau of Prisons ("BOP") recommends such modification, or the defendant requests it after exhausting all administrative remedies. Even in such circumstances, the court must find that "extraordinary and

compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[1] Those policy statements provide that, in order for a court to reduce the term of imprisonment, a defendant must also establish that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13.

Here, Defendant has sufficiently demonstrated, and the Government does not contest, that he has exhausted his administrative remedies. *See* Docket No. 139, Ex. 5. We thus turn to the next question of the inquiry – whether Defendant has shown an "extraordinary and compelling reason" for his release or a reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). We find that he has not. Defendant alleges that he suffers from certain health problems that warrant such relief, such as asthma, high blood pressure, high cholesterol and obesity. However, Defendant has not presented any evidence of such conditions and, as of March 23, 2021, Torres has been fully vaccinated against COVID-19. *See* Docket No. 146, Ex. 1. Moreover, given that Defendant is serving a sentence resulting from the conviction of a violent crime,[2] he

---

[1] This section also provides for modification by the court where the defendant is over seventy years of age and has served at least thirty years in prison, among other conditions, but those factors are not applicable here.

[2] Specifically, Defendant was convicted of one count of Carjacking Resulting in Serious Bodily Injury in violation of 18 U.S.C. §§ 2119, 2. *See* Docket No. 119.

has not demonstrated that, if he were to be released, he would not pose "a danger to the safety of any other person in the community," as outlined in the Sentencing Commission's policy statement addressing the terms for Compassionate release. *See* USSG § 1B1.13. In addition, Defendant was been sentenced to 262 months of imprisonment, nearly a quarter of which remains to be served. Therefore, we find that Defendant does not meet the criteria warranting a reduced sentence for Compassionate release under 18 U.S.C. 18 U.S.C. 3582(c)(1)(A)(1)(i).

Finally, Defendant also seeks appointment of counsel. *See* Docket No. 139, pg. 4.  However, a motion for compassionate release or reduced sentence filed pursuant to 18 U.S.C. § 3582(c)(1)(A) is a post-conviction motion. As such, Defendant does not have an automatic right to counsel at this stage of the proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987) (clarifying that "the right to appointed counsel extends to the first appeal of right, and no further."). Thus, in light of this rule and the substantive deficiencies in Defendant's request for reduced sentence discussed *supra*, we decline to exercise our discretion to appoint counsel for Defendant at this stage.

Accordingly, Defendant's Motion for Compassionate Release at Docket No. 139 is DENIED WITHOUT PREJUDICE. In light of this finding, the Government's Motion to Restrict Document at Docket No. 147 and

Defendant's Motion Requesting Order at Docket No. 148 are MOOT.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of October, 2021.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE